SMITH, Superintendent of Banks, Respondent, v. STEVENS, Appellant.

(229 N. W. 938.)

(File No. 6858.   Opinion filed March 21, 1930.)

*Harold W. King,* of Britton, for Appellant.

*Miller & Shandorf,* of Mitchell, for Respondent.

BROWN, P. J.   From a judgment on a directed verdict on this action on a promissory note and from an order denying a new·trial defendant appeals.   Defendant, while farming in Hutch-

inson county, had business dealing with Kaylor State Bank and owed the bank on several notes. He was about to remove to Marshall county, and in a conversation with the cashier at the bank he asked how much he owed the bank. The cashier looked over the books and told him that it was something in the neighborhood of $1,500. Defendant then had a sale which was clerked by the cashier of the bank and realized something in the neighborhood of $2,700. A day or two after the sale, the cashier saw him at the bank and remarked that he had had a good sale and said he would have enough to clean up everything and have money left. Thereafter defendant engaged a car to transport his household goods and some other things to Marshall county by railway, and while loading the car another creditor threatened to attach his goods on a claim for $250. He thereupon called the bank cashier for a consultation and help in this situation. When the cashier arrived, he told defendant that he was still short with the bank because the interest on his big note had been overlooked, and in going over the figures of the omitted interest, and adding thereto the amount needed to satisfy the claim of the attaching creditor and the sum of $50 to be advanced to defendant for expenses, these sums aggregated the amount of the note sued on, which the cashier asked him to sign. Defendant signed the note, but says he claimed there could not be that much due, and that it was understood that his obligation to the bank would be figured up and he would be advised of the correct amount; that he gave his canceled notes to Miller & Shandorf, attorneys for the bank, for this purpose but had never been advised that any figuring had been done or heard any more about the matter until this action was commenced some three years after his removal to Marshall county.

Defendant himself has no definite idea of the amounts which he had borrowed from the bank or of the sums he had paid, and the only evidence which it can be claimed entitled to have him have the case submitted to the jury is his own testimony that when he asked the cashier before his sale how much he owed, the cashier told him "in the neighborhood of $1,500.00"; that the proceeds of his sale were somewhere in the neighborhood of $2,700, and that after the sale the cashier told him the sale had brought enough to clean everything up and he would have money left. But he nowhere disputes the fact that at the time of the threatened attach-

ment of his goods the cashier told him that the interest on his big note had been overlooked, and he neither disputes the truth of that statement nor furnishes any evidence whatever that the amount of the note sued on was anything in excess of the amount he actually owed. He seems to take the position that because he was not informed by Miller & Shandorf of the result of an investigation into the amount of his indebtedness, it should be inferred that such an investigation was had and showed that he owed nothing. But if it be conceded that there was an understanding that his indebtedness was to be figured up and he was to be informed of the result, the mere failure to so inform him would not be proof that the investigation had been made or that the result of one, if made, had shown that he was not indebted. When he gave the note, the legal presumption is that he owed the amount, and the burden is on him to show either a total or partial want of consideration. In addition to the legal presumption that the note was given for a sufficient consideration, the cashier of the bank testified positively that he had correctly computed the amount of defendant's obligations and that the note in suit was the true amount that defendant owed at the time the note was given. We are of the opinion that there was not sufficient evidence to warrant the submission of the case to the jury and that there was no error in the direction of the verdict.

Defendant assigns several errors on the exclusion of evidence, but all of the evidence excluded by the rulings complained of was subsequently admitted in one form or another, and therefore none of the rulings on evidence, even if erroneous, were prejudicial.

The judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, and BURCH, JJ., concur.

CAMPBELL, J., concurs in the result.